—o+o—

### BAILEY *against* BAILEY and others.

Where the appellees, on the hearing of an appeal from a decree of probate finding an advancement made to the appellant, by his father, offered as a witness a brother of the appellant, who, according to the decree complained of, had received his full share of his father's estate, and had not appealed from such decree, who had not appeared as an appellee, and who executed to the administrator a discharge from all claims againt his father's estate ; it was held, that he was a competent witness, his interest having been extinguished, 1. by the probate decree, and 2. by his discharge.

A person named as an appellee to an appeal from probate, who does not appear, is not a party capable of recovering, or being subjected to, costs.

Where *A.* gave an advanced portion to his son *B.* of 1000 dollars, and declared to his family his intention to make similar advancements to his other sons, against whom he held notes; soon afterwards he became deranged; and his wife and sons, who had the care and management of his concerns, for the purpose of giving effect to such intention, came together and indorsed 1000 dollars on the note of *C.*, one of the sons of *A.*, which was accepted by him, as an advanced portion, and the same thing was then done in relation to *D.*, another son; it was held, that the wife and sons of *A.* could not execute his declared intention without special authority, and the arrangement made by them, without such authority, was nugatory.

The court of probate, in the settlement of the estate of *Samuel Bailey,* deceased, found, that *Roger Bailey,* one of his sons, had been advanced in the sum of 1000 dollars. From this finding and the decree of the court thereon, *Roger Bailey* appealed to the superior court, assigning as the reason, that he never received any advancement of his portion of his father's estate, and that he was still entitled to his full share.

On the hearing of the appeal, at *Brooklyn, January* term, 1826, before *Peters,* J. the appellees offered, as a witness to prove the advancement, *Asahel Bailey,* one of the sons and heirs at law of *Samuel Bailey,* who had been found, by the decree complained of, to have received his full share of his father's estate, and had not appealed from such decree, and who had not appeared, though he was named as an appellee in this proceeding. To his admission as a witness, the appellant objected, on the ground that he was one of the appellees, a party of record, and interested in the event It was then proved, that the witness had executed a discharge to the admistrator of all claims against *Samuel Bailey's* estate ; and he was admitted.

The appellees then offered evidence to prove, that *Samuel Bailey,* in his life-time, made an advancement to his son *Asahel* of the sum of 1000 dollars, and declared to his family his determination to make similar advancements to his other sons, against whom he held notes ; that soon afterwards, he became deranged, and his wife and sons, who had the care and management of his affairs, met for the purpose of carrying such arrangement into effect; that in pursuance thereof, the sum of 1000 dollars was indorsed upon *Roger's* note to his father, or that note was taken up, and a new one given, by *Roger,* less by 1000 dollars than the former ; that this was done with the assent of *Roger,* and was accepted by him as an advancement of such portion of his father's estate ; that the same thing was then done in relation to one other of the sons ; that this arrangement

was planned and executed about ten or twelve years before the decease of *Samuel Bailey*, and had not, at any time, been disallowed or objected to, by the conservator subsequently appointed over him, nor by any person interested in his estate. This evidence was admitted; and the facts being proved, the judge decided in favour of the appellees, and affirmed the decree of probate. The appellant thereupon moved for a new trial.

*Goddard*, in support of the motion, contended, 1. That *Asahel Bailey* was properly a party in the cause, which appeared on the face of the record; and he could not, therefore, be a witness. He might, by his discharge, remove his interest; but the objection against him as a party, would still exist. By neglecting to appear, and oppose the claim of the appellant, he did not cease to be a party.

2. That the facts proved in this case did not make out an advancement to *Roger Bailey*. In the first place, he was not advanced, by his father, before his derangement. His having advanced *Asahel*, with a declaration of his intention to advance his other sons, did not constitute an advancement to one of them. An advancement to *Asahel*, was not an advancement to *Roger*; and an *intention* to advance, was not an actual advancement. Secondly, the acts of the wife and sons of *Samuel Bailey*, after he became deranged, did not effect an advancement. They had no power to act in the matter. No express authority was given. Could any be *implied?* The law does not clothe a man's wife and sons with such a power, by virtue of their *relation* to him. It could not be inferred, in this case, from the circumstances of the family. *Samuel Bailey* was still the owner of his property, and the afflction with which he was visited, gave his wife and sons no right to seize it, and divide it among themselves. His *intention* was, as declared, to advance his other sons *himself*; but this he did not do; and he *never intended* to authorize *any one else* to do it.

*H. Strong*, contra, contended, 1. That *Asahel Bailey* was a competent witness. In the first place, he had no interest, independently of the release. He had received his full share; and could not, in any event receive any thing more. Secondly, if he had any remaining interest, the release extinguished it. Thirdly, he was not a party to the appeal. If, as heir at law,

he might have come in, and opposed the claim of the appellant; yet when he failed to appear, he ceased to be a party, or rather, he relinquished his right to become a party. No costs could afterwards be taxed against him; nor could he, in any event, recover costs.

2. That from the whole case it was manifest, that 1000 dollars of the money received by *Roger Bailey*, was received by way of advancement. This money was not aparted to him, by his mother and sisters; but was received from his father before his derangement. His father made the advancement, substantially. What took place in the family afterwards, was not an original act, but an adjustment of a matter between all the persons interested, according to a given rule. The declared intention of the father was material to give a character to an existing transaction; to shew what was the nature of his claim against *Roger*.

PETERS, J. This case presents two questions: 1st, Was the testimony of *Asahel Bailey* admissible? 2ndly, Were the wife and sons of *Samuel Bailey* competent to execute his declared intention, without special authority?

1. *Asahel Bailey* was a son and heir of *Samuel Bailey*; but having received an advanced portion, which could not be recalled by his coheirs, his only interest was a liability to bring his advancement into hotch-pot, and a right to a distributive share of the remainder. But this right was doubly barred; first, by the decree of the court of probate, finding that he had received his full share, from which he had not appealed; secondly, by his release of all right to his father's estate. And though he was made a party to the appeal, he appeared not; and I believe it was never known, that a *defaulted* defendant, in a joint and several suit, recovered costs.

2. Were the wife and sons of *Samuel Bailey* competent to execute his declared intention, without special authority? By marriage, the husband has the entire controul of the person and property of the wife; but she has none over his. If she has not such power, *a fortiori* their children have not; but they both may be agents, and execute powers delegated, express or implied;—express, when constituted agents; implied, when from the nature of the acts done, the assent of the husband or father is presumed. An intention to give, is not a gift, and is not ob-

Bailey
*v.*
Bailey.

ligatory on the giver; and no person can make it so, without his authority.   *Reeve's Dom. Rel.* 79.   1 *Swift's Dig.* 18.

I advise a new trial.

The other Judges were of the same opinion.

New trial to be granted.